FILED
SUPERIOR COURT
OF GUAM

2014 JUN 23 PM 1 27

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM,<br><br>        Plaintiff,<br><br>        v.<br><br>BENJAMIN SCHIFF,<br><br>        Defendant. | CIVIL CASE NO. CV0055-13<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 21, 2014, on Plaintiff Government of Guam's ("Government") Motion for Reconsideration. Attorney David J. Highsmith was present on behalf of the Government. Attorney Leevin T. Camacho was present on behalf of Defendant Benjamin Schiff ("Schiff"). Having reviewed the pleadings and the arguments presented, the Court now issues its Decision and Order.

### BACKGROUND

On February 1, 2013, the Government filed a Complaint against Schiff ultimately seeking an order from the Court that Schiff be: 1) permanently restrained from entering the premises at the Health Professional Licensing Office ("HLPO") and from attending meetings of the Board; 2) permanently restrained from harassing, annoying or attempting to disturb the peace of the Guam Board of Allied Health Examiners ("Board") members and HLPO employees; 3) permanently restrained from entering the premises at the Office of the Territorial Veteran and the Department of Agriculture; and 4) permanently restrained from harassing,

annoying, or attempting to disturb the peace of the Department of Agricultural and Territorial Veterinarian employees. Compl. at 2-3 ¶¶ 1-4.

On May 22, 2013, Schiff filed a Motion to dismiss the complaint, arguing that his actions were immune under the Citizen Participation in Government Act ("CPGA"). On October 23, 2013, the Court granted Schiff's Motion to dismiss and ordered that Schiff be awarded costs and attorney's fees. *See* Dec. & Order at 6, Oct. 23, 2013. On November 4, 2013, the Government filed a Motion for Reconsideration of the Court's Decision and Order. The Government then filed another Motion for Reconsideration on February 17, 2014, pertaining specifically to the Court's award of attorney's fees. The Court heard arguments for both motions on March 21, 2014 and took the matter under advisement.

## DISCUSSION

The Government seeks reconsideration of the Court's October 23, 2013 Decision and Order pursuant to Rule 59(e) of the Guam Rules of Civil Procedure ("GRCP"). Rule 59(e) provides simply that, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." GRCP 59(e). Rule 59(e) "allows a court to reconsider and amend a previous order, but is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 9. Guam case law provides that reconsideration is justified: "where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Quitugua v. Flores*, 2004 Guam 19 ¶ 38.

In this case, the Government bases its motion on the first two prongs. In general, the Government argues: (1) that there is new evidence of Schiff's intent to harass members of the GBAHE in that Schiff recently harassed Board Chairperson Mamie Balajadia in Las Vegas; (2)

the Court's grant of summary judgment violated the law governing GRCP 56 and was therefore clearly erroneous; and (3) the Court's award of attorney's fees violates the doctrine of sovereign immunity, which is clear error and manifestly unjust. Mot. Recons. at 2. The Government ultimately requests that the Court grant its motion and set this case for trial. *Id.* at 8. In opposition, Schiff argues that the Court should deny the Government's motion because: (1) the Court properly ruled that the procedures set forth in the CPGA applied to the motion to dismiss; (2) the Court properly ruled that the Government failed to offer clear and convincing evidence that Schiff's actions were not protected under the CPGA; and (3) the Court properly awarded attorney's fees. Opp'n at 1-4.

As to the Government's first contention, the Court is not convinced that the alleged incident in Las Vegas necessarily warrants reconsideration of the Court's initial Decision and Order. While it is new evidence, which perhaps casts a better light on the personal relationship between Schiff and Balajadia, the Court cannot conclude that it is sufficient to reconsider its decision granting Schiff's motion to dismiss. The Government concedes that "Schiff's intent may want to obtain information, but that is not his only intent—he also wants to harass the Board." Mot. Recons. at 3. The Government suggests that the Court has emboldened Schiff in his attempt to embarrass and harass GBAHE members. The Court disagrees. Again, the Court must emphasize that included in the ultimate relief sought is for Schiff to be *permanently restrained* from *entering* the premises of certain government agencies, and also from *attending* certain government meetings. The Court is unwilling to do this as it unable to conclude from the evidence that any *future attendance* by Schiff at GBAHE meetings will not be immunized under the CPGA. The Court will not reconsider its decision on that basis.

Next, the Government argues that reconsideration is required because the Court's grant of summary judgment violated the law governing GRCP 56, and was therefore clearly

erroneous. "Rule 59(e) motions are both 'procedurally and substantively deficient' if they simply reiterate in greater detail arguments previously made before the court. *Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 9. "Supplementing and further detailing previous arguments are not sufficient bases for reconsideration [under Rule 59(e)]." *Id.* Here, once again, the Government argues that the ordinary requirements for GRCP Rule 56 summary judgment should have been applied. Mot. Recons. at 2-4. The Court rejected this argument in its Decision and Order and found that the procedures set forth in the CPGA control. *See* Dec. & Order at 2-3, Oct. 23, 2013. The Court will not reconsider its decision on that basis.

Finally, the Government seeks reconsideration arguing that the Court's award of attorney's fees violates the doctrine of sovereign immunity, which is clear error and manifestly unjust. In its Decision and Order the Court awarded costs and attorney's fees to Schiff pursuant to 7 GCA § 17106(g)(1). Under section 17106(g)(1), "the court shall award a moving party who is dismissed . . . (1) costs of litigation, including reasonable attorney . . . fees, incurred in connection with the motion . . . ." 7 GCA § 17106(g)(1). This issue was not extensively briefed in the initial Motion to dismiss.

Guam follows the "American Rule" governing attorney's fees. *Macris v. Swavely*, 2008 Guam 18 ¶ 15 (citing *Fleming v. Quigley*, 2003 Guam 4 ¶ 34). Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). However, "fee-shifting is permitted when it is authorized by a statute." *Id.* In this case, 7 GCA § 17106(g)(1) clearly authorizes fee-shifting.

The Government argues that although 7 GCA § 17106(g)(1) awards costs and attorney's fees to a victorious defendant in a SLAPP action, it does not mention the government and therefore does not waive sovereign immunity. Mot. Recons. at 5. Further, the Government

asserts that it enjoys broad sovereign immunity and is generally rendered immune from civil liability by the Organic Act. For support, the Government cites to 48 USC § 1424a, which reads:

> ... The government of Guam ... shall have power to sue by such name, and, with the consent of the legislature evidenced by enacted law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers ...

48 USC § 1424a. In construing that statute, the Government argues that even if a statute authorizes attorney's fees, the government cannot be held liable as attorney's fees are neither based in contract or tort. The Court finds this argument unpersuasive. Another court has previously found that although an inverse condemnation action was not based in contract or tort, attorney's fees were appropriate as they were specifically provided for under the inverse condemnation statute. *See Moylan v. Gov't Guam*, CV1711-96, Dec. & Order at 7, May 29, 1997. Thus, the fact that the award of attorney's fees is neither based in contract or tort is not dispositive.

Next, the Government argues that a waiver of sovereign immunity must be explicit. Mot. Recons. at 6. "In order for someone to sue the Government of Guam or any governmental agency, sovereign immunity must be waived. Unless a sovereign specifically waives suit by duly enacted law, it may not be sued." *Wood v. Guam Power Auth., Gov't of Guam*, 2000 Guam 18 at 4. In *Sumitomo Construction Co., Ltd. v. Gov't of Guam*, the Guam Supreme Court recognized a statutory waiver of immunity against prejudgment interest for judgments entered for the breach of a procurement contract. *Sumitomo Construction Co., Ltd. v. Gov't of Guam*, 2001 Guam 23, ¶¶ 23-24. However, it declined to find an implied waiver of immunity against post-judgment interest as there was no express statutory waiver. *Id.* Additionally, under the Guam Government Claims Act, the legislature employed the language, "the Government of Guam hereby waives immunity from suit . . . ." 5 GCA § 6105.

Schiff argues that the Government's position is contrary to the stated purpose of the CPGA, one of which is: "to provide for attorney's [sic] fees, costs, sanctions, and damages for persons whose citizen participation rights have been violated by the filing of a SLAPP against them." Opp'n at 3. Schiff argues that, similar to the CPGA, courts are required to award attorney's fees to parties who prevail under Guam's Proper Government Spending act, Sunshine Laws, and inverse condemnation actions. *Id.* at 4. Schiff argues that none of the statutes contain explicit language that waives sovereign immunity; yet, the legislature has authorized an award of attorney fees against the Government of Guam because the actions advanced important public interests. *Id.*

Under the Proper Government Spending Act, the legislature conferred standing to sue the Government of Guam upon any taxpaying resident for the purpose of enjoining any officer from expending money without proper appropriation. *See* 5 GCA § 7103. Further, the legislature provided that the "court shall award reasonable costs and attorney's fees in favor of the taxpayer and resident who brings suit . . . against any defendants found liable under this chapter." 5 GCA § 7112. Under the Sunshine Laws, the legislature conferred standing upon persons seeking to enforce their right to inspect or to receive a copy of any public record or class of public record as provided under the law. *See* 5 GCA § 10111(b). Further, the legislature provided that "the [c]ourt shall award costs and reasonable attorney fees to the plaintiff should the plaintiff prevail . . . pursuant to this section." 5 GCA § 10112. Finally, under Guam's eminent domain laws, the legislature provided that, "[i]n any inverse condemnation action instituted by a private landowner to obtain fair compensation for land . . . for which no action in eminent domain has been instituted, the Court may award the landowner reasonable attorney's fees and court costs . . . ." 21 GCA § 15112.

///

The court recognizes, as Schiff argues, that none of these statutes contain language that explicitly says "the Government of Guam hereby waives sovereign immunity." However, in each of these statutes, the legislature created a cause of action against the Government of Guam, which evidences consent to be sued, thus waiving sovereign immunity. In *Sumitomo*, the Guam Supreme Court opined that "[t]he Guam legislature is the sole body tasked with defining the scope of the government's immunity, and can broaden or restrict the government's amenability to suit and ultimate liability . . . Courts have no authority to supply a consent to the imposition of post-judgment interest which only the legislature can give." *Sumitomo Construction Co. Ltd.*, 2001 Guam 23 ¶¶ 23-24. In this case, the CPGA is silent as to its application when the Government brings the suit. Without more definitive language, the Court cannot assume or imply that the legislature contemplated the applicability of the CPGA to a SLAPP suit brought by the Government.[1] As a result, the Court cannot conclude that the Government has waived sovereign immunity in that regard. Even if the Court thought that awarding fees in this case were the better or more equitable rule, the Court is constrained by the strictures of the Organic Act. On that basis, the Court will reconsider its Decision and Order only with respect to the award of attorney's fees. Finally, Schiff requests that the Court conduct a hearing regarding sanctions. The CPGA authorizes the Court to award sanctions as it determines will be sufficient to deter repetition of comparable conduct. *See* 7 GCA § 17106(g)(2). The Court will conduct such hearing at a future date. The parties are directed to apprise the Court of their positions regarding sanctions, in light of the Court's current Decision and Order.

///

---

[1] The Court notes that other jurisdictions have explicitly prohibited governments from bringing SLAPP suits. Florida's anti-SLAPP legislation provides that "No governmental entity in this state shall file . . . any lawsuit . . . against a person solely because such person or entity has exercised the . . . right to petition for redress grievances . . . as protected by the First Amendment to the United States Constitution . . . ." F.S.A. § 768.295(4). Further, Florida courts "shall award the prevailing party reasonable attorney's fees and costs incurred in connection with a claim that an action was filed in violation of the [anti-SLAPP statute]." F.S.A. § 768.295(5).

///

///

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Reconsider is **GRANTED** only with respect to the Court's previous award of attorney's fees. The Court hereby sets aside the award of attorney's fees as granted in its initial Decision and Order. The parties are to return on JUL 2 5 2014 - 9am for a hearing on sanctions.

**IT IS SO ORDERED** this 23rd day of June, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the Original hereto was placed in the court box of:
AG CIVIL DIVISION
Leevin T. Camacho
Date: 6/24/14 Time: 3pm

Deputy Clerk, Superior Court of Guam

Decision and Order
CV0055-13; *Government of Guam v. Schiff*